UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DEMETRIUS CATCHING,                     :
                                        :
         Petitioner                     :
                                        :
    v.                                  :        CIVIL NO. 3:CV-15-1455
                                        :
WARDEN, FCI ALLENWOOD, ET AL.,          :
                                        :        (Judge Conaboy)
                                        :
         Respondents                    :

-----------------------------------------------------------------

## MEMORANDUM
## Background

This pro se petition for writ of habeas corpus pursuant to 28
U.S.C. § 2241 was initiated by Demetrius Catching, an inmate
presently confined at Allenwood Medium Security Federal
Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood).
Named as Respondents are Captain Spaulding and the Warden of FCI-
Allenwood.  Petitioner has also submitted an in forma pauperis
application which will be granted for the sole purpose of the
filing of this action with this Court.

Catching states that he is presently serving a sixty (60)
month term of imprisonment which was imposed by the United States
District Court for the Eastern District of Kentucky.  While serving
that sentence, the Federal Bureau of Prisons (BOP) determined that
Petitioner was eligible to participate in the Residential Drug
Abuse Treatment Program (RDAP).  Catching began his participation
in the RDAP at FCI-Allenwood on May 20, 2014.

On March 11, 2014, Petitioner states that he was "expelled"

1

from the RDAP program for "numerous displays of continued problematic behavior" including a February 4, 2015 incident. <u>See</u> Doc. 1, ¶ 10 The Petition adds that the termination of Catching's participation in RDAP was based upon prison officials' determination that despite aggressive treatment interventions the inmate displayed an intent to return to his criminal lifestyle.

Catching contends that his expulsion occurred despite the fact he maintained attendance and completed all homework assignments. He claims that the program staff were biased and based their decision on "comments that were either not true or very prejudicial."[1] <u>Id</u>. at ¶ 11. Petitioner concludes that his due process rights were violated and as relief, he seeks reinstatement into the RDAP program.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). <u>See</u>, <u>e.g.</u>, <u>Mutope v. Pennsylvania Board of Probation and Parole</u>, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). <u>See, e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

---

[1] Petitioner acknowledges that he was known to lighten the mood within the RDAP sessions with humor at times and that the incident cited by program officials "is not denied." <u>Id</u>. at ¶ 10.

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence."  Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison.  Preiser v. Rodriquez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993).  Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

The RDAP has two components, a five hundred (500) hour classroom program and a transitional services portion which is completed in a halfway house.  Upon completion of both segments, the inmate applicant is eligible for a one (1) year sentence reduction.

3

As discussed above, habeas corpus relief is limited to issues which impact the fact or length of detention.  Even upon a prisoner's successful completion of the RDAP, the granting of an RDAP sentence reduction is discretionary and may even be revoked by the BOP.  In Hickerson v. Willingham, 2006 WL 3422186 * 3(D. Con.  Nov. 28, 2006) the district court, citing Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir. 1997), held that "denial of early release following completion of the RDAP does not deny an inmate a liberty interest protected under the due process clause."  The district court noted that there was no double jeopardy or due process violation because the denial of early release only caused the inmate to serve the sentence which had been previously imposed.

The Third Circuit Court of Appeals in Beckley v. Miner, 125 Fed. Appx. 385, 388 (3d Cir. 2005) similarly stated even if the RDAP is "completed to perfection", the BOP still has "complete discretion to require petitioner to serve his full sentence."  In a recent decision, the Court of Appeals for the Fifth Circuit similarly held that when an eligible prisoner completes the RDAP, the BOP has the authority "but not the duty" to reduce the term of imprisonment."  Richardson v. Joslin, 2007 WL 2729445 *5 (5th Cir.  Sept. 20, 2007).

The Court of Appeals in Richardson added that since there was no entitlement to a sentence reduction upon successful RDAP completion, the failure to reduce an inmate's sentence was not a deprivation of a protected liberty interest.  See also, Fanning

4

v. Patton, 2007 WL 2979927 *5-6 (E.D. Ky. Oct. 11, 2007)(because a prisoner does not have a liberty interest in a reduced sentence, denial of early release upon successful completion of RDAP is not actionable). Since the BOP had discretion to revoke the RDAP sentence reduction at any time, even if this Court concluded that there had been improper termination of his participation in the program or even if it found that there was successful completion of the RDAP by Petitioner, he still did not have a protected liberty interest or a reasonable expectation to a one (1) year RDAP sentence reduction.

Moreover, it is apparent from the exhibits attached to the petition as well as Catching's own admission that it was the prisoner's own negative actions which led to the demise of his RDAP participation. The Petitioner's disagreement with the evaluations and opinions made by the RDAP staff members regarding him are simply insufficient to set forth a viable entitlement to federal habeas corpus relief. Accordingly, the Petitioner is not entitled to federal habeas corpus relief. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 24th, 2015

FILED
SCRANTON

OCT 2 6 2015

PER _____
DEPUTY CLERK